The bill in this case is filed by the vendor for specific performance of a contract by defendant to purchase real estate of the complainant. The vendor's title is based upon a sheriff's deed given in pursuance of a foreclosure decree of this court. The vendee refused to take title to the property under the contract because of an alleged defective assignment of the mortgage which was foreclosed in the proceeding which led to the sheriff's deed aforesaid. That mortgage had been assigned by Mary Zimmerman to Josephine Schmid in November, 1920. The assignment was recorded in February, 1921. Josephine Schmid died about September 1st, 1920. On February 4th, 1921, the executrix of Josephine Schmid assigned the mortgage to the Commonwealth Trust Company, *Page 388 
and on April 21st, 1922, the trust company filed a bill to foreclose the mortgage.
Upon the hearing the commissioner of deeds who took the acknowledgment of Mary Zimmerman to the assignment by her of the mortgage to Josephine Schmid, testified that he conducted that transaction, and that the assignment was made during the lifetime of Josephine Schmid; that the papers were actually delivered to her by him after the assignment had been completed, and that she actually paid the money for it, $2,500, to the assignor, in cash. The vice-president of the trust company testified that the bond, mortgage and all of the assignments pertaining thereto were delivered to the trust company at the time of the assignment to it by the executrix of Josephine Schmid, and the sum of $2,500 was paid by the trust company to the executrix.
Counsel for the complainant contends that the date of the assignment to Josephine Schmid is erroneously stated as November, 1920, and tendered himself ready and willing to produce a quit-claim from Mary Zimmerman, who was still alive, releasing all right, title and interest which she might have in the mortgage. Counsel for the defendant tenders himself willing to take title if such quit-claim is secured from Mary Zimmerman, and also a quit-claim from the owner of the equity of redemption in the property covered by the mortgage.
It seems to me that under the well-established principles governing the exercise by this court of its discretionary power to decree specific performance of contracts for the sale and purchase of real estate, that the defendant in this case ought not to be compelled to take title to the property involved, with the doubt regarding the validity of the title existing as indicated; and while the sheriff's deed made in pursuance of a judicial sale may not be open to collateral attack, still, under the circumstances, the defendant or her grantees might reasonably be confronted later on with an action in ejectment by someone claiming title under the owner of the equity of redemption, or they might be compelled to file a bill for the reformation of the assignment by Mary Zimmerman to Josephine Schmid so as to correctly state its accurate date. *Page 389 
If the complainant will produce effective quit-claims from the assignor of the mortgage to Josephine Schmid, and the owners of the equity of redemption referred to, I will advise a decree of specific performance in accordance with the offer made by counsel for the defendant to take the title if those documents are produced.
Otherwise. I will advise a decree dismissing the bill.